J-S15010-19 & J-S15011-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMEYON MASSEY | : | |
| | : | |
| Appellant | : | No. 818 WDA 2018 |

Appeal from the Judgment of Sentence April 24, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003146-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMEYON MASSEY | : | |
| | : | |
| Appellant | : | No. 819 WDA 2018 |

Appeal from the Judgment of Sentence April 24, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003159-2017

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                          FILED APRIL 24, 2019

Appellant, Dameyon Massey, appeals from judgments of sentence imposed after he pleaded guilty in two criminal cases. Appellant's appellate counsel has filed petitions to withdraw and Anders[1] briefs, stating that the

_____

[1] Anders v. California, 386 U.S. 738 (1967).

*   Retired Senior Judge assigned to the Superior Court.

appeals are wholly frivolous. After careful review, we grant counsel's petitions to withdraw and affirm.

The two criminal cases arose out of different events. In CP-25-CR-0003146-2017 (No. 3146-2017), Appellant pleaded guilty to charges of carrying a firearm without a license and reckless endangerment[2] from an incident on March 21, 2017 when Appellant, who was not licensed to carry a firearm, had a handgun in his possession and fired it at the occupants of a car. No. 3146-2017 N.T., 3/28/18, at 7-8. In CP-25-CR-0003159-2017 (No. 3159-2017), Appellant pleaded guilty to charges of possession of a firearm by a prohibited person, receiving stolen property, and possession with intent to deliver a controlled substance (PWID)[3] that arose when Appellant, who was prohibited as a result of a prior conviction from possessing firearms, was found with a stolen handgun and heroin in his possession on September 11, 2017. No. 3159-2017 N.T., 2/2/18, at 8-10. On April 24, 2018, the sentencing court held a sentencing hearing in both cases and imposed an aggregate sentence of 36-72 months confinement in No. 3146-2017 and an aggregate sentence of 42-84 months confinement in No. 3159-2017. The sentencing court further ordered that the sentences in the two cases are to run consecutively.

_____

[2] 18 Pa.C.S. §§ 6106 and 2705, respectively.

[3] 18 Pa.C.S. §§ 6105(a)(1) and 3925, and 35 P.S. § 780-113(a)(30), respectively.

Appellant filed timely post-sentence motions in both cases. On May 3, 2018, the sentencing court denied Appellant's post-sentence motions.

On June 1, 2018, Appellant filed timely direct appeals from both judgments of sentence.[4] On December 18, 2018, appellate counsel filed Anders briefs and petitions to withdraw as counsel in both appeals. In each of her Anders briefs, appellate counsel presents the following issue:

> Whether the appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

818 WDA 2018 Anders Br. at 3; 819 WDA 2018 Anders Br. at 3. Appellant has not filed any pro se response to counsel's petitions to withdraw or Anders briefs. The Commonwealth filed a brief in support of affirmance of the judgments of sentence in both appeals.

Before this Court can consider the merits of these appeals, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. Commonwealth v. Dempster, 187 A.3d 266, 270 (Pa. Super. 2018) (en banc); Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc).

_____

[4] In accordance with Pa.R.A.P. 1925(c)(4), appellate counsel filed statements of intent to file an Anders brief in lieu of statements of errors complained of on appeal. The trial court did not file an opinion in either case.

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient Anders brief; and (3) provide a copy of the Anders brief to the defendant and advise the defendant of his right to retain new counsel or proceed pro se and to raise any additional points that he deems worthy of the court's attention. Commonwealth v. Bynum-Hamilton, 135 A.3d 179, 183 (Pa. Super. 2016); Goodwin, 928 A.2d at 290. An Anders brief must comply with the all of the following requirements:

> [T]he Anders brief ... must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009); see also Dempster, 187 A.3d at 270; Commonwealth v. Zeigler, 112 A.3d 656, 660 (Pa. Super. 2015). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. Dempster, 187 A.3d at 271; Zeigler, 112 A.3d at 660.

In these appeals, appellate counsel states in each of her petitions to withdraw that she has reviewed the entire record and determined that there

are no non-frivolous grounds for the appeal. Appellate counsel's December 18, 2018 letters to Appellant provided copies of the Anders briefs to Appellant and advised him of his right either to retain new counsel or to proceed pro se on appeal to raise any points he deems worthy of the court's attention. Further, each of appellate counsel's Anders briefs provides procedural and factual summaries of the case with references to the record and cites and discusses the applicable law on which counsel bases her conclusion that there are no non-frivolous issues that she can raise on Appellant's behalf. Appellate counsel has thus filed sufficient Anders briefs and has fully complied with the procedural requirements for withdrawal as counsel in both appeals.

We therefore proceed to conduct an independent review to ascertain whether the appeals are indeed wholly frivolous. This Court first considers the issues raised by counsel in the Anders brief and determines whether they are in fact frivolous. Commonwealth v. Yorgey, 188 A.3d 1190, 1197 (Pa. Super. 2018) (en banc); Dempster, 187 A.3d at 272. In addition, if the Court finds all of those issues frivolous, this Court conducts an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. Yorgey, 188 A.3d at 1196-97; Dempster, 187 A.3d at 271-72.

The lone issue raised in counsel's Anders briefs is whether the sentences imposed in the two cases are "manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code." These are challenges to the discretionary aspects of Appellant's sentences and

are therefore not appealable as of right. Dempster, 187 A.3d at 272; Bynum-Hamilton, 135 A.3d at 184. Rather, an appeal from the discretionary aspects of a sentence is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the Sentencing Code. Dempster, 187 A.3d at 272; Bynum-Hamilton, 135 A.3d at 184; Zeigler, 112 A.3d at 661.[5] A claim that a sentence within statutory limits is excessive is generally not sufficient to raise a substantial question, absent a claim that the sentence violates a specific provision of the Sentencing Code or that the sentencing court did not consider the sentencing guidelines or factors concerning the crimes and the defendant that a sentencing court is to consider under the Sentencing Code. Dempster, 187 A.3d at 272-23 n.6; Bynum-Hamilton, 135 A.3d at 184; Zeigler, 112 A.3d at 662; Commonwealth v. Fisher, 47 A.3d 155, 159 (Pa. Super. 2012); Commonwealth v. Titus, 816 A.2d 251, 255–56 (Pa. Super. 2003).

Here, the sentences were well within the sentencing guidelines. Appellant had a prior record score of five, as a result of past felony burglary and firearms convictions. N.T., 4/24/18, at 7. In No. 3146-2017, Appellant was sentenced to 36-72 months for carrying a firearm without a license and

---

[5] An appellant challenging the discretionary aspects of sentence is also required to satisfy other requirements, including filing a timely post sentence motion and complying with Pa.R.A.P. 2119(f). See, e.g., Dempster, 187 A.3d at 272. Appellant has satisfied those other requirements here.

12-24 months, running concurrently, for reckless endangerment. The Offense Gravity Scores for these offenses were nine and three, respectively. 204 Pa. Code § 303.15. The standard ranges for the minimum sentence[6] for these offenses under the sentencing guidelines were therefore 48-60 months and 6-16 months, respectively. 204 Pa. Code §§ 303.9(e), 303.16(a). In No. 3159-2017, Appellant was sentenced to 21-42 months for possession of a firearm by a prohibited person, 12-24 months, running concurrently, for receiving stolen property, and 21-42 months, running consecutively, for PWID. The Offense Gravity Scores for these offenses were six, five, and six, respectively. 204 Pa. Code § 303.15. The standard ranges for the minimum sentence for these offenses under the sentencing guidelines were therefore 21-27 months, 12-18 months, and 21-27 months, respectively. 204 Pa. Code §§ 303.9(e), 303.16(a).

Moreover, the record is clear that the sentencing court considered the relevant factors concerning Appellant and the crimes in imposing these sentences. At the sentencing hearing, the court explained on the record that it was taking into account the statements of counsel, Appellant's statement to the court, in which he had apologized for his actions, Appellant's family support, Appellant's age, Appellant's prior record, the presentence

_____

[6] Where a defendant is sentenced to imprisonment, the maximum sentence must be at least twice the length of the minimum sentence that the court imposes. 42 Pa.C.S. § 9756(b)(1).

investigation report, the details of the crimes, the sentencing guidelines, and the Appellant's sentencing memoranda. N.T., 4/24/18, at 9-10. The mere fact that some of the sentences were imposed consecutively does not raise a substantial question where, as here, the resulting total aggregate sentence is not extremely lengthy for the criminal conduct at issue, the crimes for which consecutive sentences were imposed arose out of separate conduct, and there is no basis for a claim that the sentencing court failed to consider mitigating factors. Commonwealth v. Radecki, 180 A.3d 441, 468-70 (Pa. Super. 2018); Commonwealth v. Zirkle, 107 A.3d 127, 133-34 (Pa. Super. 2014).

Based on the foregoing, we agree with appellate counsel that the issue raised by Appellant lacks any arguable merit. In addition, we have reviewed the certified record and have discovered no additional non-frivolous issues. Therefore, we grant appellate counsel's petition to withdraw and affirm the sentencing court's judgment of sentence.

Judgments of sentence affirmed. Petitions to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2019